**GENG LI, aka Gun Li, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General, Respondent.**[1]

**No. 07–2979–ag.**

United States Court of Appeals, Second Circuit.

Nov. 7, 2008.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Geng Li, pro se.

Gregory G. Katsas, Assistant Attorney General; Aviva L. Poczter, Senior Litigation Counsel; David Schor, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. GUIDO CALABRESI, Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Geng Li, a native and citizen of the People's Republic of China, seeks review of a June 29, 2007 order of the BIA affirming the January 19, 2006 decision of Immigration Judge ("IJ") Sarah Burr, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Gun Li,* No. A95 688 146 (B.I.A. Jun. 29, 2007), *aff'g* No. A95 688 146 (Immig. Ct. N.Y. City Jan. 19, 2006). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008).[2] Under that standard, we "defer ... to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir.2008). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

We conclude that the agency's adverse credibility determination is supported by

---

**2.** The asylum application in this case is governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005. *See* 8 U.S.C. § 1158(b)(1)(B)(iii).

substantial evidence. In reaching that determination, the IJ properly relied on Li's inconsistent statements. For example, while Li testified that he was in hiding in Putian City for four months before coming to the United States, he failed to list that city as a residence on his form I–589. Similarly, while Li testified that he had never lived outside of New York City, he applied for an employment authorization card using an Ohio address. More central to his claim, while Li testified that he practiced Falun Gong in this country, his I–589 application indicated that he did not. Under the REAL ID Act, it was proper for the IJ to rely on each of these inconsistencies, without regard to whether they went to the heart of Li's claim. 8 U.S.C. § 1158(b)(1)(B)(iii).

The IJ also correctly found portions of Li's testimony to be implausible. We have held that "when an adverse credibility finding is based partly or entirely on implausibility, [the Court will] review the entire record, not whether each unusual or implausible feature of the account can be explained or rationalized." *Ying Li v. Bureau of Citizenship and Immigration Services*, 529 F.3d 79, 82 (2d Cir.2008). Here, Li claimed that shortly after becoming acquainted with Falun Gong, he passed out Falun Gong fliers in a train station, even though he knew the practice was outlawed and that police would be present. We have previously found in nearly identical circumstances that an IJ does not err in finding such claims to be implausible. *See id.*

The IJ's decision was not without error, however. The IJ concluded that Li's testimony about Falun Gong was "bare bones" and found that this lack of specificity undermined Li's credibility. However, if the IJ felt that Li's testimony was vague, it was her duty to probe for additional detail. *See Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 114 (2d Cir.2005). Moreover, Li did describe the five movements of Falun Gong and their names. We have held that a lack of knowledge about a religion's doctrinal tenants cannot be held against an applicant who does not claim to be an expert in or have a deep understanding of the religion in question. *See Rizal v. Gonzales*, 442 F.3d 84, 90 (2d Cir.2006). Li did not claim to be an expert in Falun Gong. To the contrary, he maintained that he was new to Falun Gong. Accordingly, this portion of the IJ's decision was in error.

Notwithstanding any error, remand would be futile in this case because the IJ's broader credibility determination is amply supported by the record. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 335 (2d Cir.2006). Thus, the IJ's denial of Li's asylum application was proper. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. Inasmuch as Li based his claim for withholding of removal and CAT relief on the same factual predicate as his asylum claim, and the IJ found that this evidence lacked credibility, those claims necessarily fail. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006); *Xue Hong Yang v. U.S. Dep't. of Justice*, 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).